IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JOHN ANTHONY CASTRO )<br>12 Park Place, Mansfield, TX 76063 )<br>202-594-4344 )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>DONALD J. TRUMP, et al )<br>    Defendants. ) | Civil Action No. 4:23-CV-556-Y |

## **VERIFIED MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT DONALD J. TRUMP AND, ALTERNATIVELY, MOTION TO SHOW CAUSE**

Plaintiff, John Anthony Castro, *pro se*, motions this Court for a default judgment to be entered by the Clerk of the Court, pursuant to Fed. R. Civ. P. 55(b)(1), solely against Defendant Donald J. Trump, pursuant to Fed. R. Civ. P. 54(b), and respectfully states:

### **GROUNDS FOR RELIEF**

1.  Defendant Donald J. Trump was sued in his individual capacity for damages in a *Bivens* claims. Defendant Donald J. Trump was served on August 8, 2023. Pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i), Defendant Donald J. Trump had 21 days to file an answer, which means Defendant Donald J. Trump's Answer was due on Tuesday, August 29, 2023.

2.  Plaintiff John Anthony Castro decided to wait an additional week in case the Answer was mailed via U.S. postal service. However, no Answer has been filed as of the end of business on September 6, 2023.

3.  Fed. R. Civ. P. 55(b) permits a judgment against "fewer than all" defendants,

including only "one" defendant.

4.     Fed. R. Civ. P. 55(a) states "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that *failure is shown* by affidavit *or otherwise*, the clerk *must* enter the party's default." This rule is mandatory; not permissive. Any case law to the contrary will be challenged and overturned on appeal, especially considering there were substantive amendments to Rule 55 in 2007, 2009, and 2015.

5.     Fed. R. Civ. P. 55(b)(1) states "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk - on the plaintiff's request, **with an affidavit showing the amount due** - **must** enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Again, the revised Rule 55 leaves no discretion to the Court.

6.     Entry of judgment by default is a drastic remedy and should be resorted to only in extreme situations. *See E. F. Hutton & Co. v. Moffatt*, 460 F.2d 284 (5th Cir. 1972). This case pre-dated the 1987, 2007, 2009, and 2015 revisions to Rule 55. Nevertheless, Plaintiff alternatively asks this Court to demand Defendant Donald J. Trump show cause for failing to answer.

7.     Doubt with respect to whether to grant default should generally be resolved in favor of trial on merits. *See Davis v. Parkhill-Goodloe Co*., 302 F.2d 489 (5th Cir. 1962). This case pre-dated the 1987, 2007, 2009, and 2015 revisions to Rule 55 and will be challenged to be abrogated on appeal if relied upon.

8.     Power of federal district court to enter default judgment against party failing to

prosecute with reasonable diligence or failing to comply with its orders or rules of procedure may be exercised *sua sponte* under proper circumstances. *See Flaksa v. Little River Marine Const. Co.*, 389 F.2d 885 (5th Cir. 1968).

9. The exercise of authority of federal district court to enter default judgment against litigant for failure to prosecute with reasonable diligence or to comply with its orders or rules of procedure is discretionary and subject to review for abuse of discretion. *Id*. This case pre-dated the 1987, 2007, 2009, and 2015 revisions to Rule 55. It is no longer discretionary. This case will be challenged to be abrogated on appeal if relied upon.

10. Refusal of defendant to obey court's orders constituted sufficient grounds for entry of a default judgment against him. *See Bonanza Int'l, Inc. v. Corceller*, 480 F.2d 613 (5th Cir. 1973). Drastic sanction of dismissal or judgment by default is permitted only in extreme situations where there is a clear record of contumacious conduct. *See GFI Computer Indus., Inc. v. Fry*, 476 F.2d 1 (5th Cir. 1973). Despite this case pre-dating the 1987, 2007, 2009, and 2015 revisions to Rule 55, Plaintiff, again, is requesting, in the alternative, that this Court demand that Defendant Donald J. Trump show cause for failing to respond.

11. Under this rule requiring notice to party who has appeared in action but against whom judgment by default is sought, "appearance" required by this rule is not limited to formal court appearance. *See Charlton L. Davis & Co., P. C. v. Fedder Data Ctr., Inc*., 556 F.2d 308 (5th Cir. 1977). To be a party who has "appeared" in the case so as to be entitled to notice of application to the court for default judgment, the appearance must be responsive to plaintiff's formal court action, and mere fact that plaintiff knows that defendant plans to contest the suit is insufficient.

*See Baez v. S. S. Kresge Co.*, 518 F.2d 349 (5th Cir. 1975). In this case, Defendant Donald J. Trump is not entitled to notice due to his contumacious refusal to file an answer.

12. A party may not challenge the fact-findings of a default judgment which are based on well-pleaded allegations. *See Whittlesey v. Weyerhauser Co.*, 640 F.2d 739 (5th Cir. 1981). In this case, Plaintiff has pled his facts very well.

13. By default, defendant admits plaintiffs well-pleaded allegations of fact, is concluded on those facts by judgment, and is barred from contesting on appeal facts thus established. *See Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200 (5th Cir. 1975).

14. A default judgment may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation. *See United Artists Corp. v. Freeman*, 605 F.2d 854 (5th Cir. 1979). In this case, the damages are a clear sum of $180,125,545.

15. An evidentiary hearing is not required in the default judgment context where the amount of damages claimed is a liquidated sum or capable of mathematical calculation. *See James v. Frame*, 6 F.3d 307 (5th Cir. 1993). In this case, no evidentiary hearing is required with regard to damages since the Verified Complaint is clear on damages.

16. Where service was made but no appearance or answer was filed by defendant, hearing should be considered not as a trial, but as an inquiry before judge after default. *See Creedon v. Randolph*, 165 F.2d 918 (5th Cir. 1948). For this reason, Plaintiff alternatively motions for Defendant Donald J. Trump to show cause for failing to file an answer.

17. There is no right to a jury trial when there is no issue of fact to be tried and a judgment by default proceeds on that basis. *See Bass v. Hoagland*, 172 F.2d 205 (5th Cir. 1949).

In this case, Defendant Donald J. Trump is certain to cry foul and complain of a denial of due process even though this default judgment will be the result of his own contumacious conduct.

## RELIEF REQUESTED

Accordingly, Plaintiff moves this Court for default judgment or, alternatively for an order for Defendant Donald J. Trump to show cause before entering default judgment.

Dated: September 7, 2023.

/s/ John Anthony Castro
John Anthony Castro
12 Park Place
Mansfield, TX  76063
Tel. (202) 594 - 4344
J.Castro@CastroAndCo.com
Plaintiff *Pro Se*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JOHN ANTHONY CASTRO ) <br> 12 Park Place, Mansfield, TX 76063 ) <br> 202-594-4344 ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DONALD J. TRUMP, et al. ) <br>     Defendants. ) | CIVIL ACTION NO. 4:23-CV-556-Y |

**AFFIDAVIT SHOWING FAILURE AND AMOUNT DUE PER RULE 55**

In accordance with Fed. R. Civ. P. 55(a), Plaintiff verifies this motion to assert that Defendant Donald J. Trump has failed to file an answer entitling Plaintiff to a mandatory default judgment to be entered by the Clerk that is not subject to the discretion of this Court.

In accordance with Fed. R. Civ. P. 55(b)(1), Plaintiff shows that the amount due, as clearly stated in the Verified Complaint, is precisely $180,125,545.

Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury that the entirety of the foregoing Motion and content of this affidavit are true and correct.

Executed: September 7, 2023.

                                                          /s/ John Anthony Castro
                                                          John Anthony Castro