IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JOHN ANTHONY CASTRO )
12 Park Place, Mansfield, TX 76063 )
202-594-4344 )
    Plaintiff, )
) CIVIL ACTION NO. 4:23-CV-556-Y
v. )
)
DONALD J. TRUMP, et al )
    Defendants. )

## PLAINTIFF'S RESPONSE TO DEFENDANT DONALD J. TRUMP'S MOTION TO DISMISS

Plaintiff, John Anthony Castro, *pro se*, submits this Response to Defendant Donald J. Trump's Motion to Dismiss and respectfully states:

### RETURN RECEIPT E-FILED

Plaintiff has filed a superseding Proof of Service showing the return receipt signed by Defendant Donald John Trump effectively mooting Defendant Donald J. Trump's claim of improper service. *See* ECF 25. This neutralizes Defendant's Motion to Dismiss under Fed. R. Civ. P. 12(b)(2), (4), and (5).

### CONDUCT WITHIN THE SCOPE OF PRESIDENTIAL DUTIES ALWAYS PRESUMED LAWFUL AND ENTITLED TO ABSOLUTE IMMUNITY

Defendant Donald J. Trump mistakenly relies upon *Nixon v. Fitzgerald*, a case that involved the head of the Executive Branch, then-President Richard Nixon, effectively terminating an individual employed by the Executive Branch.[1] Like the Chief Executive Officer of a company,

---

[1] *Nixon v. Fitzgerald*, 457 U.S. 731, 757 (1982).

the President of the United States can terminate the employment of anyone employed by his branch of government.

In *Nixon*, Mr. Nixon pointed to a statute that gave him statutory authority for his actions, which, in that case, was 10 U.S.C. § 8012(b). Because Mr. Nixon had identified the statutory authority for his actions, the U.S. Supreme Court found that "[i]t clearly is within the President's constitutional and statutory authority to prescribe the manner in which the Secretary will conduct the business of the Air Force. Because this mandate of office must include the authority to prescribe reorganizations and reductions in force, we conclude that petitioner's alleged wrongful acts lay well within the outer perimeter of his authority."[2]

Therefore, the question for this Honorable Court is what statutory authority Defendant Donald J. Trump relies upon for the conduct alleged by Plaintiff.

## CRIMINAL CONDUCT IS NEVER WITHIN THE SCOPE OF DUTIES AND NOT ENTITLED TO ABSOLUTE IMMUNITY

For purposes of a motion to dismiss, factual allegations are presumed true, especially when in a verified complaint.

Blatant criminal conduct can never constitute an official act because it is well outside the scope of duties. The President of the United States ordering key individuals within the intelligence community and the Internal Revenue Service to unlawfully monitor an individual without warrant and to initiate a criminal investigation against an innocent law-abiding citizen is not even remotely close to an "official act."

In *Nixon*, the U.S. Supreme Court sided with the former President because Mr. Nixon pointed to a specific statute that gave him legal authority for his actions. In this case, Defendant

---

[2] *Nixon v. Fitzgerald*, 457 U.S. 731, 757 (1982).

Donald J. Trump has not cited any statutory authority that permits him to order the unlawful warrantless surveillance of Plaintiff and to order the Internal Revenue Service to criminally investigate him as alleged in the Verified Complaint. *See* ECF 1.

In fact, Plaintiff has cited specific statutory authority that establishes its illegality: 26 U.S.C. § 7217, *Prohibition on Executive Branch Influence Over Taxpayer Audits and Other Investigations*. This statutory provision holds that "It shall be unlawful for any applicable person to request, directly or indirectly, any officer or employee of the Internal Revenue Service to conduct or terminate an audit or other investigation of any particular taxpayer with respect to the tax liability of such taxpayer."[3] It goes on to state that "Any person who willfully violates subsection (a) or fails to report under subsection (b) shall be punished upon conviction by a fine in any amount not exceeding $5,000, or imprisonment of not more than 5 years, or both, together with the costs of prosecution."[4] It further clarifies that an applicable person includes the "President, the Vice President, any employee of the executive office of the President, and any employee of the executive office of the Vice President."[5]

Not only does this obliterate Defendant Donald J. Trump's claim of absolute immunity, he himself can still be subject to criminal prosecution.[6]

Defendant Donald J. Trump learned this the hard way when the U.S. District Court for the Southern District of New York also concluded that defamatory statements made to slander a private citizen were not "official acts" entitled to absolute immunity. *See Carroll v. Trump*, No. 20-CV-7311 (LAK), 2023 WL 4393067 (S.D.N.Y. July 5, 2023) ("Subjecting the president to

---

[3] 26 U.S.C. § 7217(a).
[4] 26 U.S.C. § 7217(d).
[5] 26 U.S.C. § 7217(e)(1).
[6] *See U.S. v. Claiborne*, 727 F.2d 842 (9th Cir. 1984). Impeachment is not a prerequisite to criminal prosecution under the U.S. Constitution, Article I, Section 3, Clause 7. The Constitution merely clarified that political conviction does not trigger double jeopardy precluding criminal prosecution and criminal conviction.

damages liability for making a personal attack that is unrelated to the president's official responsibilities would not threaten to distract the president from his or her official duties.").

## PERSONAL AND POLITICAL ATTACK ON PLAINTIFF

Plaintiff incorporates his entire Verified Complaint herein by reference. Plaintiff's case is clear: Defendant Donald J. Trump knew what Plaintiff John Anthony Castro was planning.

Plaintiff John Anthony Castro has been in the national media every single day this month and presently has a *Writ of Certiorari* pending before the U.S. Supreme Court regarding his standing to sue to disqualify Defendant Donald J. Trump from the 2024 ballot. Plaintiff also has an Emergency Application for Exercise of King Bench's Power pending before the Pennsylvania State Supreme Court to disqualify Defendant Donald J. Trump from the Pennsylvania Presidential primary and general ballots. Plaintiff has a trial now scheduled for October 20, 2023, in Concord, New Hampshire, where Defendant Donald J. Trump will be required to personally appear and be questioned under oath by Plaintiff John Anthony Castro, who is pursuing that case as well as this one on a *pro se* basis. Another trial on the papers is scheduled for October 31, 2023, in Phoenix, Arizona.

Defendant Donald J. Trump knew that Plaintiff John Anthony Castro was a threat back in 2017. Defendant Donald J. Trump attempted to fully weaponize the power of the federal government to unlawfully surveil Plaintiff and baselessly initiate a criminal investigation in violation of the law knowingly using false and fraudulent information. Because Plaintiff John Anthony Castro is a law-abiding citizen, Defendant Donald J. Trump's unlawful conduct never resulted in criminal charges against Plaintiff.

Now, Defendant Donald J. Trump's worst fears have come to fruition: the individual he unlawfully weaponized the federal government to target is the only individual in the entire United

States with federal judicial standing who is suing him in federal and state courts across the country to enforce Section 3 of the 14th Amendment to disqualify Defendant Donald J. Trump from holding any public office in the United States for having given aid and comfort to the insurrectionists that violently attacked our United States Capitol on January 6, 2021.

## RELIEF REQUESTED

Because Plaintiff has established that not only are the alleged acts not within the scope of a President's duties but actually statutorily criminalized, Defendant Donald John Trump is not entitled to Absolute Immunity for Official Acts. As such, Defendant Donald J. Trump's Motion to Dismiss must be denied.

Dated: September 28, 2023.

>/s/ John Anthony Castro
> John Anthony Castro
> 12 Park Place
> Mansfield, TX 76063
> Tel. (202) 594 - 4344
> J.Castro@CastroAndCo.com
> Plaintiff *Pro Se*

## CERTIFICATE OF SERVICE

On September 28, 2023, I submitted the foregoing document with the Clerk of this Court either by mail, email, or CM/ECF. It is further certified that all other parties will be served via CM/ECF if they are registered users, and, if they are not registered users or have not yet filed a notice of appearance, they will be served by U.S. postal mail.

> */s/ John Anthony Castro*
> John Anthony Castro

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| JOHN ANTHONY CASTRO<br>12 Park Place, Mansfield, TX 76063<br>202-594-4344<br>    Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP, et al.<br>    Defendants. | )<br>)<br>)<br>)<br>)  Civil Action No. 4:23-CV-556-Y<br>)<br>)<br>)<br>) |

## [PROPOSED] ORDER

Before the Court is Defendant Donald J. Trump's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2), (b)(4), (b)(5) and (b)(6), for lack of personal jurisdiction, insufficient process, insufficient service of process and failure to state a claim upon which relief can be granted, respectively, (**ECF No. 24**).

After due consideration, the Court finds no cause to grant the motion. Accordingly, it is hereby **ORDERED** that Defendant Donald J. Trump's Motion to Dismiss is **DENIED**.

**SO ORDERED** this \_\_\_\_ day of _____, 2023.

_____
**United States District Judge Terry R. Means**