# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# Fort Worth Division

| | | |
|---|---|---|
| **JOHN ANTHONY CASTRO** § | | |
| 12 Park Place, Mansfield, TX 76063 § | | |
| 202-594-4344 § | | |
| § | | |
| *Plaintiff,* § | | Civil Case No.: 4:23-CV-556-Y |
| v. § | | |
| § | | |
| **DONALD J. TRUMP, ET AL** § | | |
| § | | |
| *Defendant.* § | | |

**DEFENDANT DONALD J. TRUMP'S REPLY TO PLAINTIFF'S RESPONSE (ECF NO. 26) TO DEFENDANT DONALD J. TRUMP'S FED.R.CIV.P. 12(b)(2), (b)(4), (b)(5) and (b)(6) MOTION TO DISMISS (ECF NO. 24)**

**TO THE HONORABLE COURT:**

**NOW COMES** Defendant Donald J. Trump, pursuant to his Fed.R.Civ.P. 12(b)(2), (b)4, (b)(5) and (b)(6) Motion to Dismiss. Defendant Donald J. Trump incorporates herein ECF No. 24, his previously filed Motion to Dismiss for lack of personal jurisdiction, insufficient process, insufficient service of process and failure to state a claim upon which relief can be based, respectively.

## ARGUMENT

**1. Plaintiff Has Failed to Meet the Requirements for Service of Process and Personal Jurisdiction over Defendant Donald J. Trump.**

In Defendant Donald J. Trump's Motion to Dismiss, he pointed out that Fed.R.Civ.P. 4(e)(1) allows service upon an individual within a judicial district of the United States by

"following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Because this case is brought in Texas, a defendant may be served in accordance with the Texas Rules of Civil Procedure, specifically Rules 106, 107 and 108. Defendant Donald J. Trump previously pointed out that Tex. R. Civ. P. 107(c) provides,

> <u>When the citation was served by</u> registered or <u>certified mail</u> as authorized by Rule 106, the return by the officer or authorized person **must also contain the return receipt with the addressee's signature**." [Emphasis added].

Defendant Donald J. Trump also pointed out that, "There is no attached Return Receipt with a signature of the addressee, Donald J. Trump, showing delivery had actually occurred to the addressee Defendant. There is no Return Receipt filed at all." ECF No. 24, at p. 3.

In a belated attempt to remedy this defect, Plaintiff filed ECF No. 25, which purports to be a "Proof of Service" with a copy of a return receipt photocopied on top of a previously filed Proof of Service, ECF No. 16. The "Proof of Service" of both ECF No. 25 and ECF No. 16 is dated "08/04/2023". The alleged return receipt has a date of "8/8/23". In other words, the signer of the "Proof of Service" signed the document on August 4, 2023, and could not possibly include a later dated document of August 8, 2023, as part of that "Proof of Service." The return receipt dated "8/8/23" is not part of the "Proof of Service" – it is rank hearsay without any statement or offer of proof or affidavit regarding what it is. It is inadmissible.

Moreover, that document, photocopied by Plaintiff onto a previously filed deficient "Proof of Service" does not purport to be signed by the Addressee, Defendant Donald J. Trump. In fact, this document bears a "check mark" in a box in the upper right corner for "Agent," **not**

"Addressee." It is difficult to read the handwriting of the person who signed it, but, Plaintiff has not discharged his burden to prove that it is President Trump's signature; to the contrary, it does not on its face even purport to be his signature because the box for "Agent," rather than "Addressee" is checked.

In Plaintiff's Response (ECF No. 26) to Defendant Donald J. Trump's Motion to Dismiss, Plaintiff cursorily states, "Plaintiff has filed a superseding Proof of Service showing the return receipt signed by Defendant Donald John Trump effectively mooting Defendant Donald J. Trump's claim of improper service. *See* ECF 25. This neutralized Defendant's Motion to Dismiss under Fed. R. Civ. P. 12(b)(2), (4) and (5)." ECF No. 26, at p. 1. This is not true! The return receipt is **not** signed by Defendant Donald J. Trump and this statement by Plaintiff—not made under oath and, in any event, without the necessary foundation to establish how Plaintiff, who did not deliver the mail or collect the signature himself, could possibly contradict the express statement on the face of the document that it was signed by an "Agent" and not by the "Addressee"—does not carry Plaintiff's burden of proof on this issue.

Texas courts have long held that when service of process is attempted by Certified Mail, Return Receipt Requested, for service of process to be effective, the return receipt **must** be signed by the Addressee, not by an Agent.

> "Rule 107 states that "[w]hen the citation was served by . . . certified mail as authorized by Rule 106, **the return by the officer . . . must also contain the return receipt with the addressee's signature**." Tex. R. Civ. P. 107. **If the return receipt is not signed by the addressee, the service of process is defective.** *See Sw. Sec. Servs., Inc. v. Gamboa*, 172 S.W.3d 90, 93 (Tex. App.-El Paso 2005, no pet.) (service defective when return receipt signed by someone other than addressee); *Ramirez v. Consol. HGM Corp.*, 124 S.W.3d 914, 916 (Tex. App.-Amarillo 2004, no pet.) (same); *All Commercial Floors, Inc. v. Barton Rasor*, 97 S.W.3d 723, 727 (Tex. App.-Fort Worth 2003, no pet.) (same); *Keeton v. Carrasco*, 53 S.W.3d 13, 19 (Tex. App.-San Antonio 2001, pet.

denied) (same); *Webb v. Oberkampf Supply of Lubbock, Inc.*, 831 S.W.2d 61, 64 (Tex. App.-Amarillo 1992, no writ) (same); *Am. Universal Ins. Co. v. D.B.B., Inc.*, 725 S.W.2d 764, 765-67 (Tex. App.-Corpus Christi 1987, writ ref'd n.r.e.) (same); *Pharmakinetics Lab., Inc. v. Katz*, 717 S.W.2d 704, 706 (Tex. App.-San Antonio 1986, no writ) (same)." [Emphasis added]. *Santex v. Guefen Con.*, No. 14-08-00840-CV, at *1 (Tex. App. December 15, 2009).

See also, *Hennington v. United Parcel Serv., Inc.*, CIVIL ACTION No. 4:18-CV-00520, at *3 (S.D. Tex. November 30, 2018), which provides:

> "**In Texas, lack of compliance with the Texas Rules of Civil Procedure "renders the attempted service of process invalid and of no effect**." *Southwestern Sec. Servs., Inc. v. Gamboa*, 172 S.W.3d 90, 92 (Tex. App.—El Paso 2005, no pet.). **Furthermore, service by registered or certified mail in Texas requires that receipt of delivery, when returned, must contain the addressee's signature; if the return receipt is signed by someone else, service of process is defective**. *Ramirez v. Consolidated HGM Corp.*, 124 S.W.3d 914, 916 (Tex. App.—Amarillo 2004, no pet.)." [Emphasis added].

The U.S. District Court for the Western District Court of Texas applying these Texas rules found that none of the defendants were properly served by certified mail when none of the certified mail receipts were signed by the addressees:

> There is no certificate of service confirming that Defendants L. Keller Mackie, Brandon Wolf, Michael W. Zientz, Robert D. Valdespino, Kathleen Vargas, Brenda Rolon, Ron Bedford, Troy Martin, and Deborah Martin have been served in accordance with the Federal Rules of Civil Procedure. Plaintiff has provided certified mail return receipts for the aforementioned individuals. **None of the certified mail receipts were signed by the addressees; therefore none of the defendants were properly served by certified mail**. *See Ellibee v. Leonard,* 226 Fed. App'x 351, 355 (5th Cir. 2007) (citing TEX.R. CIV. P. 107; *Ramirez v. Consol. HGM Corp.,* 124 S.W.3d 914, 916 (Tex. App. — Amarillo 2004, no pet.)). [Emphasis added.].

*See Riggins v. Wells Fargo Bank, N.A.*, Civil Action No. SA-10-CV-293-XR, at *2 (W.D. Tex. July 12, 2010).

**2. If this Court were to Grant Defendant's Motion to Dismiss pursuant to Rule 12(b)(2), (b)(4) and (b)(5), it need not consider the Rule 12(b)(6) Motion.**

If this Court were to grant Defendant Donald J. Trump's Motion to Dismiss due to lack of personal jurisdiction, insufficient process and insufficient service of process pursuant to Rule 12(b)(2), (b)(4) and (b)(5), it does not need to consider Defendant's Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted. *See MIMO Research, LLC v. NXP Semiconductors N.V.*, No. W-22-CV-00501-ADA, at *1, 12 (W.D. Tex. April 5, 2023) (Judge ALBRIGHT):

> "Before the Court is Defendants NXP B.V. ("BV") and NXP Semiconductors N.V.'s ("NV") Motion to Dismiss Under Federal Rules 12(B)(2) and 12(B)(6) (the "Motion") filed on September 26, 2022. ECF No. 21. After jurisdictional discovery, on February 10, 2023, Plaintiff MIMO Research, LLC ("MIMO") filed its Response. ECF No. 45. On February 21, 2023, Defendants filed a Reply in support of their Motion. ECF No. 51. After a thorough review of all the briefs, relevant facts, and applicable law, the Court **GRANTS** Defendants BV and NV's Motion to Dismiss Under Federal Rule 12(B)(2). **Because the Court grants under Rule 12(B)(2), it does not need to consider whether dismissal of these Defendants would be appropriate under Rule 12(B)(6). … Because the Court grants dismissal of Defendants BV and NV under Rule 12(B)(2), the Court does not consider Defendants' Motion to Dismiss Under Rule 12(B)(6)**." [Emphasis added].

*See* also, *Lea v. McGue*, Civil Action No. 4:20-CV-00483, at *11 (E.D. Tex. September 22, 2020):

> "Because the Court concludes that it does not have personal jurisdiction over McGue, **it will not address McGue's argument that Lea failed to state a claim under Federal Rule of Civil Procedure 12(b)(6)**."

**3. Rule 12(b)(6) Motion – President Trump is absolutely immune from suit.**

Notwithstanding that the Court, if it finds inadequate service of process, and, thus, no personal jurisdiction, need not address the Rule 12(b)(6) motion, were it to reach that issue, President Trump would be entitled to dismissal of the case against him on grounds of absolute

Presidential immunity. The gist of Plaintiff's claim against President Trump is that the President unlawfully directed other federal officials to revoke his status as an enrolled agent licensed to practice before the IRS. Assuming, for the sake of this motion only, the truth of those allegations, that is directly within the scope of absolute presidential immunity as recognized by the Supreme Court in *Nixon v. Fitzgerald*, 457 U.S. 731 (1982). It is beyond dispute that the IRS is an executive agency whose functioning is under the charge of the President, that is, is well within the "outer perimeter" of the president's responsibilities. The claim thus amounts to an assertion that President Trump executed his obligations to supervise the operations of the IRS improperly or for improper reasons.

In *Nixon*, the Court specifically addressed the issue of personal liability of a President for damages predicated upon his official acts in office—in that case the alleged unlawful firing of a federal employee -- and held that a President acting within the "outer perimeter" of his responsibilities has absolute Presidential immunity. As here, the *Nixon* plaintiff brought his claim under *Bivens* v. *Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971)), claimed that the president could not be entitled to immunity because his firing was unlawful, and further claimed that the president was not entitled to immunity because his motivation for acting was improper.

Dispositively, for purposes of this case, the *Nixon* court rejected precisely those arguments in the course of holding that absolute immunity applied. Courts have long held that presidents are absolutely immune from civil liability for actions within the outer perimeter of their official duties, a rule grounded in the principle of separation of powers and entrenched in precedent dating back to common law traditions. *See Mitchell v. Forsyth*, 472 U.S. 511, 521 (1985); *Nixon v. Fitzgerald*, 457 U.S. 731, 744 (1982). Precluding this type of civil litigation against the President is vital to

ensuring a functioning Executive Branch—the absence of immunity would incentivize lawsuits that would make the President hesitant to exercise his discretion "even when the public interest required bold and unhesitating action." *Nixon*, 457 U.S. at 744–45. *See also, Pierson v. Ray*, 386 U.S. 547, 554 (1967) (explaining that immunity serves the public interest in preserving the independence and decisiveness necessary of government officials). Dispositively, even when a plaintiff alleges that a President's actions exceed his legal authority, the privilege still prohibits litigation. Otherwise, the rule would be swallowed whole by the exceptions; litigation would constantly test whether a particular "action was unlawful[] or was taken for a forbidden purpose.*"* *Nixon*, 457 U.S. at 756. Further, "The President's unique status under the Constitution distinguishes him from other executive officials." *Nixon,* 457 U.S. at 750.

In *Nixon*, the plaintiff claimed that he was illegally dismissed in retaliation for his testimony to Congress. *Nixon*, 457 U.S. at 736. More specifically, he argued—just as Plaintiff does here—that unlawful conduct, by virtue of being unlawful, cannot fall within the scope of the President's official duties and therefore is beyond the scope of presidential immunity. *Id.* at 756. Because a statute protected federal employees, he argued that any violation of that statute could not be within the scope of the President's responsibilities. *Id.* ("Because Congress has granted this legislative protection, respondent argues, no federal official could, within the outer perimeter of his duties of office, cause Fitzgerald to be dismissed without satisfying this standard in prescribed statutory proceedings.").

The Court firmly rejected this approach. "Adoption of this construction… would deprive absolute immunity of its intended effect" because it "would subject the President to trial on

virtually every allegation that an action was unlawful, or was taken for a forbidden purpose." *Nixon*, 457 U.S. at 756.

The Court has also held that evidence of a defendant's subjective intent is irrelevant to the immunity analysis. *See Crawford-El v. Britton*, 523 U.S. 574, 588 (1998) ("[The] defense of qualified immunity may not be rebutted by evidence that the defendant's conduct was malicious or otherwise improperly motivated."). "[J]udgments surrounding discretionary action almost inevitably are influenced by the decisionmaker's experiences, values, and emotions," and allowing subjective intent would result in no clear standard for relevant evidence. *Harlow v. Fitzgerald*, 457 U.S. 800, 816 (1982).

In short, Plaintiff's allegations place his claims well within the "outer perimeter" of President Trump's responsibilities and President Trump is therefore absolutely immune from those claims.

## CONCLUSION

For the foregoing reasons, Defendant Donald J. Trump has shown that this Court has no personal jurisdiction over Defendant Donald J. Trump because he was not properly served pursuant to Federal Rule of Civil Procedure 4(e)(1) and Texas Rules of Civil Procedure 106, 107 and 108. When service of process is attempted pursuant to the Texas Rules by certified mail, a return receipt **must** be signed by the Addressee, not by an Agent, and filed with the Proof of Service, or service of process is defective and there is no personal jurisdiction. If there is a determination that service of process is defective, the Court need not consider the Rule 12(b)(6) motion. Notwithstanding, Plaintiff has failed to state a claim upon which relief can be granted.

The Supreme Court in *Nixon* requires "absolute Presidential immunity from damages liability for acts within the 'outer perimeter' of a President's official responsibility." Defendant Donald J. Trump respectfully prays that this Court dismiss this case against him.

Respectfully submitted,

EGGLESTON KING DAVIS, LLP
102 Houston Ave., Ste. 300
Weatherford, Texas 76086
Phone:(817) 596-4200
Fax:   (817) 596-4269

By:   */s/ Whitney A. Davis*
       Whitney A. Davis
       State Bar No. 24084843
       *whit@ekdlaw.com*
       Benjamin Sley
       State Bar No. 18500300
       *ben@ekdlaw.com*

ATTORNEYS FOR DEFENDANT
DONALD J. TRUMP

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of October, 2023, a true and correct copy of the foregoing document was electronically filed with the Court's CM/ECF system, and I served all parties electronically or by another means authorized by Federal Rule of Civil Procedure 5(b)(2), and further that Plaintiff John Anthony Castro was sent an email of this document to his email address at J.Castro@CastroAndCo.com.

*/s/ Whitney A. Davis*
Whitney A. Davis