IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JOHN ANTHONY CASTRO, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | |
| § | Civil Case No.: 4:23-CV-556-Y |
| DONALD J. TRUMP, ET AL. § | |
| § | |
| *Defendants.* § | |
| § | |
| § | |

**DEFENDANT DONALD J. TRUMP'S SUPPLEMENTAL REPLY TO PLAINTIFF'S SUPPLEMENTAL RESPONSE, (ECF NO. 28), IN OPPOSITION TO DEFENDANT TRUMP'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(2), (b)(4), (b)(5) and (b)(6).**

Without seeking leave of Court, Plaintiff has filed an unauthorized Supplemental Response, ECF No. 28, in which he raises new, entirely erroneous arguments that Defendant Trump has not had an opportunity to respond to. If the Court is inclined to consider Plaintiff's improper submission, Defendant respectfully requests that the Court also consider the short response that follows.

**1. Contrary to Plaintiff's assertion, Federal Rule 4(e)(2) does *not* permit service by Certified Mail.**

Plaintiff now claims that Defendant Trump was properly served with process pursuant to Fed.R.Civ.P. 4(e)(2). Specifically, he argues that "Defendant Donald John Trump is pretending that Fed. R. Civ. P. 4(e)(2) does not exist, which is itself disingenuous and demonstrates a lack of candor before this Court." ECF No. 28, p. 1.

But it is not Defendant who is not being straight with Court; Plaintiff has failed to disclose to this Court the substantial body of cases—including from this Court—holding that Rule 4(e)(2)

1

does not permit service by certified mail. *See, e.g., Lechner v. Citimortgage, Inc.*, CIVIL No. 4:09-CV-302-Y, at *4 (N.D. Tex. July 29, 2009) (holding that "Service by mail does not satisfy Rule 4(e)(2)'s requirement of personal delivery."); <u>Smith v. Texas</u>, No. CIV.A. H-12-0469, 2012 WL 4068623, at *2 (S.D. Tex. Aug. 15, 2012), <u>report and recommendation adopted,</u> No. CIV.A. H-12-469, 2012 WL 4069229 (S.D. Tex. Sept. 14, 2012) ("Plaintiff served Defendants by certified mail, which is not permitted under Rule 4(e)(2).").

Rule 4(e)(1), which allows service to be made using Texas state law procedures, does permit service by Certified Mail, but only if that service complies with the requirements of Texas law. Critically, as the *Smith* court explained, such service is valid only if the return receipt is signed by the addressee—in this case, Defendant Trump, himself:

> Texas Rule of Civil Procedure 106 permits service of process by registered or certified mail, return receipt requested. However, Texas Rule of Civil Procedure 107 requires that when service of process is accomplished by registered or certified mail, the *return of service "must also contain the return receipt with the addressee's signature." If the return receipt is not signed by the addressee, the service of process is defective*. *Texas courts have consistently held that service is defective when the return receipt was signed by someone other than the addressee.*

2012 WL 4069229 at *2-*3, *8 ("Under Texas law, Defendant O'Connor was not properly served because the receipt was signed by someone other than the addressee.").

**2. <u>Plaintiff has not met his burden to prove that valid service was made.</u>**

"When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Systems Signs Supplies v. U.S. Dept., Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). Plaintiff has not met that burden.

Rule 4(l)(1) provides that "proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, *proof must be by the server's affidavit*." Plaintiff Castro first provided his initial "Proof of Service", ECF No. 16, which did not include any Return

2

Receipt and did not have the signature of the Addressee. He later filed a second "Proof of Service," ECF No. 25, which is also inadequate for two reasons. First, it is a deeply problematic document on its face. It was signed under penalty of perjury by the process server on August 4, 2023, yet attaches an unauthenticated, photocopied Return Receipt that purports to show a date of delivery of August 8, 2023—four days *after* the process server signed the form. But even if Plaintiff had submitted a legitimate document, it would not meet his burden of proof because the Return Receipt does not contain addressee Donald Trump's signature. As the Fifth Circuit held in *Ayika v. Sutton*, 378 F. App'x 432, 434 (5th Cir. 2010), this renders service invalid: "In this case, service was addressed to the defendants personally, but their signatures do not appear on the return receipts. Thus, Ayika's attempted service was insufficient under Rule 4." *Id.*

### 3. **Plaintiff's assertion that this Court can ignore defective service because the defendant has actual knowledge of the case is wrong as a matter of law.**

In an attempt to whitewash over his failure to properly serve Defendant Trump, Plaintiff asserts that the Court can overlook this because "Defendant Donald John Trump is aware of the case. There are no due process concerns." Here, again, Plaintiff has not been candid with the Court about the law, which is dead against his position. *See, e.g., Way v. Mueller Brass Co.,* 840 F.2d 303, 306 (5th Cir. 1988) (affirming dismissal for improper service despite actual notice; "The defendant's actual notice of the litigation, moreover, is insufficient to satisfy Rule 4's requirements. Accordingly, the motion to dismiss the State Commission was properly granted."); *Ayika*, 378 F. App'x at 434 ("We further note that, although the defendants apparently had actual notice of the insufficient service, the **"defendant's actual notice of the litigation ... is insufficient to satisfy Rule 4's requirements."),** quoting *Way, supra* (Fifth Circuit's emphasis).

3

Defendant Donald J. Trump's Supplemental Reply to Motion to Dismiss
Case No.: 4:23-CV-556-Y, Castro v. Donald J. Trump, et al.

**Conclusion**

If the Court is inclined to consider Plaintiff's improper supplemental filing, Defendant Trump respectfully submits that it should in fairness also consider this response addressing the new arguments Plaintiff raises.

Respectfully submitted,

EGGLESTON KING DAVIS, LLP
102 Houston Ave., Ste. 300
Weatherford, Texas 76086
Phone:(817) 596-4200
Fax:   (817) 596-4269

By:   */s/ Whitney A. Davis*
      Whitney A. Davis
      State Bar No. 24084843
      *whit@ekdlaw.com*
      Benjamin Sley
      State Bar No. 18500300
      *ben@ekdlaw.com*

ATTORNEYS FOR DEFENDANT
DONALD J. TRUMP

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of October 2023, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the CM/ECF electronic case filing system of the Court.

*/s/ Whitney A. Davis*
Whitney A. Davis

4

Defendant Donald J. Trump's Supplemental Reply to Motion to Dismiss
Case No.: 4:23-CV-556-Y, Castro v. Donald J. Trump, et al.