IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JOHN ANTHONY CASTRO )<br>)<br>Plaintiff, )<br>) Civil Action No. 4:23-CV-556-Y<br>v. )<br>)<br>DONALD J. TRUMP, et al )<br>Defendants. ) | |

# RESPONSE IN OPPOSITION TO
# DEFENDANTS CHARLES RETTIG, MARIA CHAPA LOPEZ, TUAN MA, ANNE CRAIG-PENA, ANTON PUKHALENKO, ESTELA WELLS, AND JOHN TURNICKY'S MOTION TO DISMISS

Plaintiff John Anthony Castro, *pro se*, files this Response in Opposition to Defendants Charles Rettig, Maria Chapa Lopez, Tuan Ma, Anne Craig-Pena, Anton Pukhalenko, Estela Wells, and John Turnicky's Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue, and Failure to State a Claim Upon Which Relief Can Be Granted.

Charles Rettig, Maria Chapa Lopez, Tuan Ma, Anne Craig-Pena, Anton Pukhalenko, Estela Wells, and John Turnicky will all be jointly referred to as the "**Non-Executive Defendants**."

Charles Rettig, Tuan Ma, Anne Craig-Pena, Anton Pukhalenko, and Estela Wells will be jointly referred to as the "**IRS Defendants**." This group does not include former U.S. Attorney Maria Chapa Lopez or former CIA Director of Security John Turnicky since neither were ever employed by the IRS or subject to 26 U.S.C. § 7217(d).

1

For now, former Secretary of the Treasury Steven Mnuchin is not a named defendant; merely a material witness. His cooperation or lack thereof will dictate whether the complaint is amended to add him as an Executive-level Defendant along with Defendant Donald John Trump.

### PERSONAL JURISDICTION

Plaintiff reminds the Court he is a *pro se* litigant. Under Texas' long-arm statute and the facts of this case, this Court has jurisdiction over the defendants who, it is alleged in a verified complaint, entered into a conspiracy, in violation of 26 U.S.C. § 7217(b) and (d), to retaliate against Plaintiff John Anthony Castro for his outspoken views against then-President and now thrice-indicted state and federal criminal Defendant Donald John Trump. The scope and purpose of the criminal conspiracy was to identify grounds for which to criminally indict Plaintiff (none were ever found because Plaintiff is a law-abiding citizen), interfere with his tax firm operations (Defendant Tuan ma revoked Plaintiff's electronic filing identification number to prevent his firm from generating revenue), and tarnish his reputation (violating Section 6103 to inform the public that Plaintiff was under criminal investigation even though they knew it to be baseless).

In furtherance of this conspiracy, there were Fourth Amendment violations that serve as the basis for this action in strict and limited accordance with *Bivens*.

Non-Executive Defendants all collaborated to target and harm Plaintiff John Anthony Castro in Texas through all of the acts outlined in the Verified Complaint. Moreover, Defendant Tuan Ma actually personally came to Texas for the purpose of harassing Plaintiff, his employees, and his clients. Defendant Tuan Ma's presence in Texas is sufficient to establish personal jurisdiction. This was done at the direction of Defendant Charles Rettig and Defendant Maria

Chapa Lopez based on executive demands from Defendant Donald John Trump. Defendants Anne-Craig Pena and Anton Pukhalenko sent harassing Information Document Requests to Dallas, Texas, in furtherance of this criminal conspiracy. Defendant John Turnicky assisted these efforts remotely from Australia by abusing his access to intelligence tools to unlawfully surveil Plaintiff and communicate his findings to the IRS Defendants. In particular, Defendant John Turnicky unlawfully utilized government surveillance tools to surveil the in-home cameras of Plaintiff as well as to monitor his home internet usage. These digital trespasses, although done remotely, violated Texas state law on wiretapping.

Plaintiff John Anthony Castro is not alleging a massive government conspiracy. Plaintiff is simply alleging that a single intelligence official, Defendant John Turnicky, abused his access to government surveillance tools and then communicated those findings to Defendant Charles Rettig who relayed the information to the other IRS Defendants for the purpose of then carefully crafting their subpoenas and document requests. All of this was done because Defendant Donald John Trump ordered it. It's that simple. The Court has personal jurisdiction over the defendants that acted in concert with one another as a single conspiratorial unit.

VENUE IS PROPER

Based on the information above, as the verified complaint states, "a substantial part of the events or omissions giving rise to this action occurred in this District." Non-Executive Defendants argue that venue is not proper but do not explain which venue would be proper. There is no burden to Non-Executive Defendants because they are being represented for free by the U.S. Department

of Justice, so that basis is inapplicable. Even if they were not represented by the U.S. Department of Justice, it is clear that a substantial portion (if not all) of the events took place in this district.

### PLAINTIFF HAS STATED A CLAIM

Non-Executive Defendants attempt to limit Bivens claims to the specific facts of that case. Based on Non-Executive Defendants' interpretation of law, the Court cannot hear any unreasonable search or seizure cases unless he was strip-searched in front of his family. This claim is *legally* identical to *Bivens* in that there was a Fourth Amendment violation that resulted in monetary damages.

In recognition of this, Non-Executive Defendants then try to re-frame Plaintiff's cause of action as a First Amendment Retaliation claim; the classic logical Straw Man Fallacy.[1]

Non-Executive Defendants then claim remedies exist if and only if an indictment is issued. This investigation started in 2018. How long does it take to determine whether a particular event constituted a crime? Furthermore, as Non-Executive Defendants know, if an indictment is never issued, Plaintiff would never have a remedy. And that is precisely what the Government banks on. They're gaming the system. If they initiate and perpetuate an unlawful investigation that never results in an indictment, then they bank on a person like Plaintiff never having grounds to sue. But if their unlawful investigation does result in criminal activity, then they can discredit the person before they can be held accountable. That is how they violate the law and hope to never be held

---

[1] A straw man fallacy is the informal fallacy of refuting an argument different from the one actually under discussion, while not recognizing or acknowledging the distinction. One who engages in this fallacy is said to be "attacking a straw man." Based on Non-Executive Defendants logic, infusing political retaliation into the mix of a *Biven* Fourth Amendment violation precludes the claim, which only serves to encourage government retaliation to foreclose the *Bivens* remedy, which would be a dangerous precedent to set.

accountable. And that is incredibly dangerous for a constitutional republic. The federal judiciary should not allow for that loophole to continue. In particular, this Court and the Fifth Circuit should put an end to this. This is precisely how the U.S. Department of Justice and IRS Criminal Investigation Division have been politically weaponized. This case presents an opportunity to end that by providing a route to hold these administrative state bureaucrats criminally accountable for unlawful searches and seizures.

Internal procedures cited by Non-Executive Defendants under 26 U.S.C. §§ 7433 and 7802 provide no remedy to plaintiff. 26 U.S.C. § 7433 deals solely with unauthorized collection actions. There is no such claim of unauthorized collection activities in this case, so Plaintiff is unsure what Non-Executive Defendants even mean by that bizarre reference. 26 U.S.C. § 7802 is a purely internal administrative provision for the IRS and provides no remedies to plaintiff for unreasonable search and seizures. Non-Executive Defendants have not explained what, if any, relief Plaintiff could seek through 26 U.S.C. § 7802. These are entirely baseless references that come dangerously close to sanctionable frivolity *sua sponte* by this Court under Fed. R. Civ. P. 11(c)(3).

## QUALIFIED IMMUNITY DOES NOT APPLY

IRS Defendants all violated 26 U.S.C. § 7217(d), which is a criminal statute. That alone precludes qualified immunity. Nevertheless, all of the Defendants in this case violated 18 U.S.C. § 241,[2] 1512(b)(1),[3] 1512(b)(2)(A),[4] 1512(b)(3),[5] 1512(c)(2),[6] 1513(e),[7] and 1513(f).[8]

Qualified immunity does not apply.

## REQUESTED RELIEF

Plaintiff requests the Court deny Non-Executive Defendants' Motion to Dismiss.

Dated: November 16, 2023.              Respectfully submitted,

                                       By: /s/ *John Anthony Castro*
                                       John Anthony Castro
                                       12 Park Place
                                       Mansfield, TX  76063
                                       (202) 594 – 4344
                                       J.Castro@JohnCastro.com
                                       **Plaintiff** *Pro Se*

---

[2] "If two or more persons conspire to injure, oppress, threaten, or intimidate any person… in the free exercise or enjoyment of any right or privilege secured to him by the Constitution [First Amendment Right to Petition the Courts for Redress of Grievances] or laws of the United States, or because of his having so exercised the same… They shall be fined under this title or imprisoned not more than ten years."

[3] "Whoever knowingly… engages in misleading conduct toward another person [Brenda Robertson at the IRS e-Help EFIN Department], with intent to-- (1) influence, delay, or prevent the testimony of any person in an official proceeding; (2) cause or induce any person to-- (A) withhold testimony, or withhold a record, document, or other object, from an official proceeding… (3) hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense… shall be fined under this title or imprisoned not more than 20 years, or both."

[4] Id.

[5] Id.

[6] "Whoever corruptly... otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so, shall be fined under this title or imprisoned not more than 20 years, or both."

[7] "Whoever knowingly, with the intent to retaliate, takes any action harmful to any person, including interference with the lawful employment or livelihood of any person [revoking our EFIN violated our 5th Amendment protected liberty interest in pursuing our profession], for providing to a law enforcement officer any truthful information relating to the commission or possible commission of any Federal offense, shall be fined under this title or imprisoned not more than 10 years, or both."

[8] "Whoever conspires to commit any offense under this section shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy." Co-conspirators get same sentence. This applies to IRS Special Agent-in-Charge Brian Payne and Tuan Ma's On-the-Job Instructor to the extent they conspired to effectuate any of his conduct.

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I, John Anthony Castro, verify, under criminal penalty of perjury, that the entirety of the foregoing document, including any and all accompanying exhibits, are unequivocally true and correct.

Executed on November 16, 2023.

                                                       /s/ John Anthony Castro
                                                      John Anthony Castro

## **CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed with the Court on November 16, 2023. I further certify that a true and accurate copy of the foregoing document was served via CM/ECG on all parties; all of whom are registered with CM/ECF.

                                                      */s/ John Anthony Castro*
                                                      John Anthony Castro