IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JOHN ANTHONY CASTRO           ) | |
| ) | |
| Plaintiff,                    ) | |
| ) | CIVIL ACTION NO. 4:23-CV-556-Y |
| v.                            ) | |
| ) | |
| DONALD J. TRUMP, et al        ) | |
| Defendants.                   ) | |

## NOTICE OF NEW AUTHORITY REGARDING AFFIMRATIVE DEFENSE OF IMMUNITY CLAIMED BY DEFENDANT DONALD JOHN TRUMP

In *Blassingame v. Trump*, 87 F.4th 1 (D.C. Cir. 2023), the D.C. Circuit held that former President Donald J. Trump had failed to demonstrate, at the motion-to-dismiss stage, that he was entitled to absolute presidential immunity from certain civil damages claims against him. *Id*. at 3–5. Those claims arose out of actions he allegedly had taken related to the January 6, 2021 Capitol riot. *Id*. at 4. President Trump had contended that he should be afforded immunity because his alleged actions constituted speech on matters of public concern. *Id*. at 5, 14. Such speech was, in his view, "invariably an official function." *Id*. at 5. The D.C. Circuit rejected that argument. The Supreme Court, they observed, had made clear that "absolute presidential immunity . . . is an 'official immunity,' that extends no further than the outer perimeter of a President's official responsibility." *Id*. at 13 (quoting *Clinton v. Jones*, 520 U.S. 681, 693–94 (1997)). And the D.C. Circuit reasoned that although a President often acts officially when speaking on matters of public concern, he does not always do so. *Id*. at 14–16. A public-concern test, they therefore concluded, was "ill-suited" to determining President Trump's entitlement to immunity. Id. at 16. The salient

question in *Blassingame*, they explained, was instead whether President Trump's alleged actions reasonably could be understood as official functions of the presidency, in which case official-act immunity would attach, or, alternatively, whether they reasonably could be understood only as re-election activity, in which case it would not. *See id*. at 16–19.

The D.C. Circuit found that Smith v. Trump was indistinguishable from *Blassingame* in all relevant respects. The plaintiffs sought damages from President Trump (among others) for actions he allegedly took in connection with the January 6 riot. On appeal, the only question is whether President Trump has demonstrated his entitlement to official-act immunity. *See Harlow v. Fitzgerald*, 457 U.S. 800, 812 (1982) ("The burden of justifying absolute immunity rests on the official asserting the claim."). Trump argued, as he did in Blassingame, that he was entitled to immunity because his alleged actions amounted to speech on matters of public concern. The D.C. Circuit found that argument failed for the reasons explained in *Blassingame*: "whether [President Trump's] actions involved speech on matters of public concern bears no inherent connection to the essential distinction between official and unofficial acts." 87 F.4th at 14.

## CONCLUSION

Official immunity extends no further than the outer perimeter of a President's official responsibility. In this case, 26 U.S.C. § 7217 expressly criminalizes contact between the White House and the Internal Revenue Service, which is what Plaintiff has expressly alleged. As such, the affirmative defense of immunity fails.

Dated: January 8, 2024.    Respectfully submitted,

By: /s/ *John Anthony Castro*

2

John Anthony Castro  
12 Park Place  
Mansfield, TX  76063  
(202) 594 – 4344  
J.Castro@JohnCastro.com  
**Plaintiff** *Pro Se*

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I, John Anthony Castro, verify, under criminal penalty of perjury, that the entirety of the foregoing document, including any and all accompanying exhibits, are unequivocally true and correct.

Executed on January 8, 2024.

/s/ John Anthony Castro  
John Anthony Castro

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed with the Court on January 8, 2024.  I further certify that a true and accurate copy of the foregoing document was served via CM/ECG on all parties; all of whom are registered with CM/ECF.

*/s/ John Anthony Castro*  
John Anthony Castro