IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOHN ANTHONY CASTRO | § | |
| | § | |
| VS. | § | ACTION NO. 4:23-CV-556-Y |
| | § | |
| DONALD J. TRUMP, ET AL. | § | |

## ORDER GRANTING MOTION TO DISMISS

Before the Court is a motion to dismiss filed by defendants Charles Rettig, Maria Chapa Lopez, Tuan Ma, Anne Craig-Pena, Anton Pukhalenko, Estela Wells, and John Turnicky (doc. 35). Defendants jointly seek dismissal primarily for lack of jurisdiction. (Doc. 35, at 2–3.)

## BACKGROUND

This case arises from Defendants' alleged weaponization of the Internal Revenue Service ("IRS") to investigate plaintiff John Anthony Castro, a self-described candidate in the 2024 Republican Party primary contest for president of the United States. (Doc. 1, at 7–8.) Plaintiff alleges that he rose to prominence among a certain facet of "anti-Trump Republicans" and spent "considerable sums" of money to aid the defeat of President Trump in key swing counties across the country in the 2020 general election. (*Id.*, at 14.)

According to Plaintiff, this activity drew Trump's ire, at which point Trump instructed his commissioner of internal revenue to investigate Plaintiff's international tax-preparation business. (*Id.*, at 12.) Plaintiff alleges that the investigation culminated in the issuance of three subpoenas that Plaintiff now sues to challenge, which he alleges were unlawfully obtained because they purportedly ordered the disclosure of information protected by the attorney-client privilege and sought solely because of Defendants' retaliatory and political motives. (*Id.*, at 14–26.)

Defendant Donald Trump moved to dismiss Plaintiff's claims under Federal Rules of Civil Procedure 12(b)(2) and (b)(5) for lack of personal jurisdiction and insufficient service of process. (Doc. 24.) The Court granted the motion for insufficient service of process on February 7, 2024. (Doc. 39.) The remaining defendants now move to dismiss this action based on lack of personal jurisdiction, improper venue, lack of a *Bivens* remedy, and the doctrine of qualified immunity. (Doc. 35.)

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(2), a court must dismiss a claim if it lacks personal jurisdiction over the defendant(s). FED. R. CIV. P. 12(b)(2). If the Court resolves the

question of personal jurisdiction without an evidentiary hearing, the plaintiff—the party invoking jurisdiction—must establish a prima-facie case that the Court possesses personal jurisdiction over each defendant. *E.g., Cent. Freight Lines, Inc. v. APA Transport Corp.*, 322 F.3d 376, 380 (5th Cir. 2003). The Court accepts as true all non-conclusory allegations in the plaintiff's complaint and resolves all factual conflicts in favor of the party invoking jurisdiction. *Id.* (citing *Alpine View Co. v. Atlas Copco A.B.*, 205 F.3d 208, 214 (5th Cir. 2000) (collecting cases)).

## **ANALYSIS**

The Due Process Clause of the Fourteenth Amendment prevents an out-of-state resident from being sued in a forum with which he has established no meaningful "contacts, ties, or relations." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945); *Cent. Freight*, 322 F.3d, at 380. Personal jurisdiction over an out-of-state defendant therefore comports with the Fourteenth Amendment only when: "(1) [the] defendant has purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state; and (2) the exercise of jurisdiction . . . does not offend traditional notions of fair play and substantial justice." *Id.*, at 316.

ORDER GRANTING MOTION TO DISMISS - Page 3

These "minimum contacts" may establish either general jurisdiction or specific jurisdiction. *Cent. Freight*, 322 F.3d, at 381. General jurisdiction is established when a defendant's contacts with the forum are so substantial, systematic, and continuous that the defendant can be considered "at home" in the forum. *Id.* And specific jurisdiction exists when a defendant "purposefully direct[s] [his] activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).

Importantly, this inquiry drills down on the relationship between "'the defendant, the forum, and the litigation.'" *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)). Thus, jurisdiction is only proper when the relationship between defendant and forum "arise[s] out of contacts that the **'defendant himself'** creates with **the forum**." *Id.* (quoting *Burger King*, 471 U.S., at 475) (emphasis added). Thus, the Supreme Court has often declined a federal court's jurisdiction over out-of-state defendants whose only tie to the forum state is their connection to the plaintiff or another third party located there. *See e.g., Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 298 (1980).

And, while a defendant may have contacts with the forum that are intertwined with his interactions with the plaintiff or other parties, his relationship to the plaintiff or third party standing alone is insufficient for the defendant to be subject to the forum's jurisdiction. *Walden*, 571 U.S., at 286.

In *Walden*, the Supreme Court held that a Nevada court could not exercise personal jurisdiction over a deputized federal agent from Georgia when the only connection he had to Nevada was his detention of two Nevada residents at the airport in Atlanta. *Walden*, 571 U.S., at 277-78. There, the officer's drug interdiction program received a tip from Puerto Rican law enforcement that two passengers were flying from San Jaun, Puerto Rico, to Las Vegas, Nevada, by way of Atlanta, carrying approximately $97,000 in cash. *Id.*, at 279-80. Upon detention and questioning, the couple explained that they were professional gamblers travelling home. *Id.* The officer cleared the couple's suspicion for drug activity but seized the cash and informed them that the money would be returned after the couple proved that it came from a legitimate source. *Id.*, at 280. The couple returned home and filed a *Bivens* action against the officer in the District of Nevada. *Id.*, at 280–81. Ultimately, the Supreme Court affirmed the district court's conclusion that no part of the officer's conduct occurred in Nevada and the only connection the officer had to the forum was that he

ORDER GRANTING MOTION TO DISMISS - Page 5

allegedly injured two of their residents. *Id.* Even if the officer had falsified his affidavit concerning the airport encounter, targeting tortious conduct at the forum's citizens, the Court held that this contact was not with the forum itself—precluding jurisdiction. *Id.*, at 289-91.

Here, Plaintiff presents a similar case to *Walden*. None of the defendants in this case are domiciled in Texas. (Doc. 1, at 8-9.) And almost none of Plaintiff's allegations concern conduct that took place in Texas. (*Id.*, at 10-12; 17-20; 22-26; 42-44.) Instead, Plaintiff alleges—at most—that defendant IRS Agent Ma came to Texas to interview his former employees and associates while investigating him for tax fraud. (*Id.*, at 22-26.) But the face of Plaintiff's complaint alleges legal claims against Defendants only insofar as they purportedly collaborated to obtain unlawful subpoenas to investigate Plaintiff's tax practices in retaliation for his political activity. (*Id.*, at 42-44.) Each of those subpoenas were issued in Florida (*id.*, at 17-31) by agents or prosecutors domiciled in Florida or Colorado (*id.*, at 9), and purportedly at the behest of senior administration officials domiciled or located in Florida, California, Australia, or at unknown addresses not listed in the complaint. (*Id.*)

Even when the Court infers that defendant Ma—and only defendant Ma—travelled to Texas to interview witnesses, the

complaint sets forth no factual allegations which allow the Court to conclude that his reason for travelling to Texas was for any reason other than investigating Plaintiff. And where Ma's contact with Texas is based only on his relationship to Plaintiff, it is not one "that the defendant [] creates with the **forum**." *Walden*, 571 U.S., at 284 (emphasis added). No other purported behavior included in Plaintiff's complaint relates to the counts alleged to challenge the lawfulness of the subpoenas at issue. Thus, any further inferences in favor of jurisdiction nonetheless renders that behavior jurisdictionally irrelevant.

## CONCLUSION

Because this Court lacks personal jurisdiction over the remaining defendants in this action, Defendants' motion to dismiss (doc. 35) is **GRANTED**. This case is **DIMISSED without prejudice**.

SIGNED March 19, 2024.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE